**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



NOV 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONY R. ROMERO,

          Plaintiff-Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

          Defendant-Appellee.

No.   23-55292

D.C. No. 5:22-cv-00671-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John D. Early, Magistrate Judge, Presiding

Argued and Submitted May 16, 2024
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge COLLINS.

Rony Romero appeals the district court's order affirming the denial of his

applications for disability insurance benefits and supplemental security income

under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–34, 1381–

83f. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district

court's order affirming the denial of social security benefits by an Administrative

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Law Judge ("ALJ") and "reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (first citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008); and then citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). We recount the facts only as necessary, and reverse and remand for further administrative proceedings.

1. The ALJ failed to provide "specific, clear[,] and convincing reasons" for discounting Romero's subjective symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Before the ALJ, Romero testified that he experienced memory problems, depression, delusions, auditory hallucinations, and severe insomnia three to four days each week, making it difficult to keep a consistent work schedule. While the ALJ found that Romero's mental health conditions could cause the symptoms alleged, the ALJ concluded that the medical evidence and Romero's alleged failure to follow prescribed treatment undermined his account of the intensity, persistence, and limiting effects of his symptoms.

Although an ALJ may reject a claimant's subjective symptom testimony based on contradictory medical evidence in the record, the ALJ's reasoning for doing so must be "clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). The ALJ's decision does not meet this

standard. The ALJ pointed to a single medical record indicating that Romero had displayed coherent thought processes, good judgment, intact memory, appropriate mood and affect, and no delusional thoughts or hallucinations. But the ALJ failed to explain how these observations—made during a brief appointment—contradict Romero's account of his symptoms. The ALJ also failed to consider these observations "in light of the overall diagnostic record," which shows that Romero consistently reported experiencing psychosis, depression, anxiety, and insomnia, and that physicians had attempted to manage his recurring complaints by regularly adjusting his medications and treatment plans. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014); *see also* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017) ("[I]ncreasing dosages and changing medications . . . may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent.").

The ALJ also erred in discounting Romero's subjective symptom testimony because of his alleged failure to comply with his prescribed medications. While the ALJ concluded that Romero had not "offer[ed] a sufficient explanation for not complying with prescribed treatment," the ALJ had a duty to consider possible reasons for why Romero failed to comply with treatment. *See* SSR 16-3p, 2017 WL 5180304, at *9 ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or

3

she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."); *see also Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (noting that an ALJ is required to consider "any explanations that the individual may provide, or other information in the case record, that may explain" the individual's failure to follow a treatment plan). This the ALJ did not do.

2. Substantial evidence does not support the ALJ's determination that the state agency consultants' reports were partially persuasive. *See* 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c); *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). In assessing Romero's residual functional capacity ("RFC"), the ALJ adopted the consultants' findings that Romero (1) was "capable of understanding and remembering instructions"; (2) had only "moderate limitations in interacting with others[] and in concentrating, persisting[,] and maintaining pace"; (3) could "retain adequate capacity for appropriate work-related social interaction"; and (4) could "interact appropriately with the general public."

The ALJ failed to recognize the projected nature of these findings, which the consultants predicted would apply by September 2020—twelve months after the alleged onset date of Romero's impairments—so long as he complied with mental health treatment. The consultants' reports stated that Romero's condition was "currently severe," but that it was "expected to improve and [would] not result in significant limitations in [his] ability to perform basic work activities." Yet the

ALJ made no findings about whether Romero's condition had improved. The ALJ separately found that Romero had not consistently complied with his medications and failed to consider if this inconsistency undermined the consultants' predictions. We therefore cannot conclude that "sufficient evidence" supports the ALJ's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019).

3.   Substantial evidence does not support the ALJ's rejection of Dr. Ingram's medical opinion as unpersuasive. *See* 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c); *Woods*, 32 F.4th at 791–92. First, the ALJ erred in finding that Dr. Ingram's medical opinion lacked supportability simply because the physician's "assessments were based on a summary of [Romero's] subjective complaints, diagnoses, and treatment."[1] *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("[T]he rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.").

Second, substantial evidence does not support the ALJ's finding that Dr. Ingram's medical opinion was inconsistent with other medical evidence in the record. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ again cited to a single medical record showing that Romero displayed coherent thought processes,

---

[1] However, the record supports the ALJ's finding that Dr. Ingram's medical opinion lacked supportability because it contained "inadequate references to medically acceptable objective clinical or diagnostic findings." *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

good insight, "no obsessive, phobic[,] or delusional thoughts, illusions[,] or hallucinations," intact memory, and an appropriate affect and fund of knowledge. But it is unclear how these findings undermine Dr. Ingram's conclusions that Romero could not "*maintain* a sustained level of concentration," "*sustain* repetitive tasks for an *extended period*," "adapt to new or stressful situations," or "interact appropriately with others." *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (explaining that an ALJ "must set forth his [or her] interpretations and explain why they, rather than the doctor['s], are correct"). In fact, the record shows that Romero regularly presented with symptoms that support Dr. Ingram's findings. *See Garrison*, 759 F.3d at 1009 ("[W]e must consider the entire record as a whole . . . and may not affirm simply by isolating a specific quantum of supporting evidence." (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007))).

Third, substantial evidence does not support the ALJ's finding that the medical opinion was internally inconsistent; it is unclear why an individual with intact memory and judgment could not also have trouble concentrating on a sustained basis. *See Reddick*, 157 F.3d at 725.

4. For the reasons stated above, "the ALJ has failed to provide legally sufficient reasons for" discounting Romero's subjective symptom testimony, adopting the state agency consultants' findings without acknowledging their

projected nature, and rejecting Dr. Ingram's medical opinion. *Garrison*, 759 F.3d at 1020. Because further development of the record would allow the ALJ to properly assess Romero's subjective symptom testimony and the medical opinion evidence, as well as to obtain additional vocational expert testimony based on a reformulated RFC, this is not the rare case in which remand for an immediate award of benefits is warranted. *See id.* We therefore reverse the judgment of the district court and remand with instructions for the district court to remand to the Commissioner for further proceedings consistent with this disposition.

**REVERSED AND REMANDED.**

*Romero v. O'Malley*, No. 23-55292

COLLINS, Circuit Judge, concurring in the judgment in part and dissenting in part:

I disagree with most of the majority's memorandum disposition, which largely relies on its own weighing of the record evidence and fails to properly apply the deferential substantial-evidence standard that governs this case. *See Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). But I agree that the Administrative Law Judge ("ALJ") failed to recognize or discuss the fact that the state agency consultants' reports appeared to be making judgments that were, at least in part, predictive. This significant aspect of these somewhat confusing reports seems to have eluded the ALJ, and that calls into question whether she properly assessed the import of these reports. Moreover, on this record, I cannot say that the ALJ's oversight was harmless. Had the ALJ recognized this fact, she might have weighed the consultants' reports differently, and that, in turn, might have affected her assessment of the other evidence in this record. On that limited basis, I concur in the judgment reversing the district court and remanding to the agency. But because I would remand with more limited instructions than those associated with the majority's memorandum, I respectfully dissent in part.